Filed: 4/3/2019 5:24 PM
Lynne Finley
District Clerk
Collin County, Texas
By Migdalia Martinez Deputy
Envelope ID. 32490356

Cause No. 429-01839-2019

| | | |
|---|---|---|
| YOLANDA PEREZ | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | |
| | § | ____ JUDICIAL DISTRICT |
| | § | |
| HOME DEPOT U.S.A., INC. | § | |
| AND COREY BRUNNERT | § | |
| *Defendants.* | § | COLLIN COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, YOLANDA PEREZ ("Plaintiff") and complains of HOME DEPOT U.S.A., INC. ("Defendant Home Depot") and COREY BRUNNERT ("Defendant Brunnert") and in support thereof would show the Court as follows:

#### I.

#### DISCOVERY

Pursuant to Texas Rule of Civil Procedure 47(b), Plaintiff states that the damages sought are in an amount within the jurisdictional limits of the Court. Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief, the maximum of which is over $1,000,000. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate. Plaintiff intends to conduct discovery in this lawsuit under Level 3 Pursuant to Texas Rule of Civil Procedure 190.4.

#### II.

#### NATURE OF THE CASE

This is a suit to recover monetary relief, the maximum of which is over $1,000,000. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. These damages are sought against Defendant Home Depot's failure to provide a safe work environment and failure to provide adequate equipment and training to its employees and

**EXHIBIT A-2**

independent contractors. Damages are also sought against Defendant Brunnert's negligent conduct.

### III.
### PARTIES

Plaintiff, YOLANDA PEREZ, is an individual residing in Collin County, Texas.

Defendant, HOME DEPOT U.S.A., INC., is a foreign corporation, which can be served through its registered agent, Corporation Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701. A citation is requested at this time.

Defendant, COREY BRUNNERT, is an individual residing in Denton County, Texas and may be served at his last known address, 4125 Fryer Street, The Colony, Texas 75056 or wherever he may be found. A citation is requested at this time.

### IV.
### MISNOMER/ALTER-EGO

In the event that any parties are misnamed or not included herein, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties named herein.

### V.
### VENUE

Venue is proper in Collin County pursuant to TEX. CIV. PRAC. & REM. CODE ANN. §15.002 because it is the county in which all or a substantial part of the events or omissions giving rise to the claims occurred.

### VI.
### FACTS

On or about October 30, 2018, Plaintiff was in the course and scope of her employment for Defendant Home Depot located at 1801 W. Parker Road, Plano, Collin County, Texas 75023, when Defendant Brunnert, another employee of Defendant Home Depot, dropped a box of heavy

merchandise on Plaintiff causing Plaintiff to fall and suffer severe injuries.

## VII.
## CAUSES OF ACTION AGAINST DEFENDANT HOME DEPOT
### A. NEGLIGENCE

On the said occasion, Defendant Home Depot was negligent in failing to provide a safe work environment, failing to provide adequate equipment to its employees and contractors, and failing to provide adequate training to its employees and independent contractors by the following:

a. In failing to provide Plaintiff a safe work enviornment;
b. In failing to adequately supervise its employees;
c. In failing to provide Plaintiff and Defendant Brunnert adequate help for the work required of them;
d. In failing to provide Plaintiff and Defendant Brunnert proper training to enable them to safely perform the work required of them;
e. In failing to provide proper safety equipment to Plaintiff;
f. In failing to establish a proper protocol for safely transporting merchandise;
g. In failing to properly train Defendant Brunnert on how to safely transport merchandise;
h. In failing to establish proper protocols for the inspection of equipment and merchandise prior to their transportation;
i. In failing to inspect its equipment and merchandise prior to providing it to Defendant Brunnert;
j. In failing to adequately warn Plaintiff of the dangers inherent in her employment;
k. In failing to implement appropriate warning devices during the transportation of certain merchandise;
l. In failing to warn Plaintiff of an imminent emergency;

3

    m. In failing to provide Plaintiff and Defendant Brunnert necessary tools or physical instrumentalities needed to carry out their duties;

    n. In failing to establish and enforce safety rules so that Plaintiff could perform her duties with reasonable safety; and

    o. In failing to care for Plaintiff after causing the incident that resulted in her injury.

Defendant Home Depot is liable for these nonexclusive acts or omissions, each of which constituted negligence and either singularly, collectively, or in concert with other acts or omissions were the direct and proximate cause of the incident and injuries which resulted in the severe injuries sustained by Plaintiff.

## B. RESPONDEAT SUPERIOR

At the time of the incident, Defendant Brunnert was the agent, servant, and/or employee of Defendant Home Depot and was acting within the course and scope of his authority as such agent, servant, and/or employee. Defendant Home Depot is therefore liable to Plaintiff for the negligence of Defendant Brunnert under the common law of Respondeat Superior.

## VIII.

## CAUSES OF ACTION AGAINST DEFENDANT BRUNNERT

On the said occasion, Defendant Brunnert was negligent by the following:

a. In failing to perform his duties with the appropriate amount of caution;

b. In failing to request assistance where needed;

c. In failing to alert Defendant Home Depot of an unsafe work environment or work conditions;

d. In performing work that he knew was unsafe and dangerous to other employees;

e. In failing to warn Plaintiff of the dangerous act that was being undertaken;

f. In failing to use proper equipment for transporting merchandise;

g. In failing to warn Plaintiff of an imminent emergency;

## IX.

## DAMAGES

A.  As a result of the injuries sustained by Plaintiff in the incident made the basis of this suit, she has suffered severe physical and mental pain and anguish and in all reasonable probability, will continue to suffer such mental and physical pain and anguish for a long time into the future.

B.  Plaintiff has incurred reasonable medical expenses as a result of the complained of injuries. Additionally, Plaintiff will in all reasonable probability incur further reasonable medical expenses in the future relating to the injuries complained of above.

C.  At the time of the incident complained of, Plaintiff was gainfully employed by Defendant. As a further result of the injuries sustained, Plaintiff suffered physical impairment and was unable to work for a period of time, resulting in a loss of wages.

D.  Plaintiff suffered physical impairment in that her daily activities were altered as a result of the accident. In all reasonable probability she will suffer physical impairment into the future.

E.  Plaintiff has suffered disfigurement to her body as a result of the accident that made the basis of this lawsuit.

### X.

### EXEMPLARY DAMAGES

The conduct of Defendant Home Depot, viewed objectively from the standpoint of the said Defendant at the time of its occurrence, involved an extreme degree of risk, considering the probability and the magnitude of potential harm to others. Moreover, Defendant Home Depot engaged in outrageous conduct with conscious indifference to the rights, safety, and/or welfare of others, despite their actual, subjective awareness of the risk involved in the conduct or lack thereof that led to Plaintiff's injuries and their actual, subjective awareness of the risk involved in refusing to provide and/or fund appropriate medical treatment and surgery subsequent to that conduct. Therefore, pursuant to Texas Civil Practice & Remedies Code Chapter 41, Plaintiff is entitled to recover exemplary damages and Plaintiff seeks exemplary damages in an amount that may be found by the trier of fact.

## XI.

## NOTICE OF INTENT TO USE DOCUMENTS PRODUCED AT ANY PRE-TRIAL PROCEEDING AND/OR AT TRIAL

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff gives notice to all parties in this matter that Plaintiff intends to use any and all documents produced by any and/or all parties in discovery, attached to depositions as exhibits, or produced for inspection at deposition in this case at any pre-trial proceeding and/or at trial.

## XII.

## REQUEST FOR DISCLOSURE

Pursuant to Texas Rule of Civil Procedure 194, Defendant Home Depot and Defendant Brunnert are hereby requested to disclose all information and materials identified in Rule 194.2 (a) – (l).

## XIII.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be cited to appear, answer, and that upon trial or a final hearing of the above-styled and numbered cause, Plaintiff be awarded a final judgment against Defendants.  Plaintiff further prays that the judgment be for an amount within the jurisdictional limits of the Court, together with interest at the lawful rate from October 30, 2018, until judgment, and post-judgment interest at the lawful rate, costs of Court and for all other and further relief, at law or in equity to which Plaintiff is justly entitled.

Respectfully submitted,

**HERNANDEZ BROWNING & SHOWALTER**

*/s/ Robert Farquharson*

Robert Farquharson
Texas Bar Number 24100550
Juan C. Hernandez
Texas Bar Number 24002270
8111 LBJ Freeway, Suite 1065
Dallas, Texas 75251
Robert@JuanLaw.com
(972) 900-0000 Telephone
(972) 235-4454 Telecopy

ATTORNEYS FOR PLAINTIFF
