# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| YOLANDA PEREZ, | § § | |
| Plaintiff, | § § | |
| v. | § § | ACTION NO. 4:19-CV-338 |
| HOME DEPOT U.S.A., INC., and COREY BRUNNERT, | § § § § | JUDGE JORDAN/JUDGE JOHNSON |
| Defendants. | § § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On November 12, 2019, the Magistrate Judge entered proposed findings of fact and recommendation (the "Report") (Dkt. #28) that Plaintiff Yolanda Perez's ("Plaintiff") Motion to Remand (Dkt. #8) be granted. Defendant Home Depot U.S.A, Inc. ("Home Depot") filed objections to the Report (the "Objections") (Dkt. #29), and Plaintiff filed a response to the Objections (the "Response") (Dkt. #31). The Court has made a *de novo* review of the Objections and Response and is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the Objections are without merit as to the ultimate findings of the Magistrate Judge. The Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

### I.   BACKGROUND

This case arises out of a workplace injury suit filed in the 429th Judicial District Court of Collin County, Texas, Cause No. 429-01839-2019 (the "Petition"). (Dkt. #1). The Petition was filed

1

on April 3, 2019, asserting a cause of action for negligence against Home Depot and Defendant Cory Brunnert ("Brunnert"). (Dkt. #2).

Home Depot removed this action on May 8, 2019, asserting that Brunnert was improperly joined in the suit. (Dkt. #1). Plaintiff filed the instant Motion to Remand. (Dkt. #8). In the Report, the Magistrate Judge found that Brunnert was not improperly joined. *See* (Dkt. #28). Thus, the Magistrate Judge recommended this case be remanded to state court. *See id*.

Home Depot objects to the Magistrate Judge's Report on the grounds that Plaintiff has not pled that Brunnert owed her an independent duty of care, making him an improperly joined party. *See* (Dkt. #29 at 2). Plaintiff argues she has pled enough to establish a possibility of recovery against Brunnert, and therefore, Home Depot has not met its burden to prove improper joinder. *See* (Dkt. #31 at 2).

## II. DISCUSSION

When a case is removed to federal court, the removing party has the burden of proof to establish a federal court's jurisdiction. *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). Courts are required to strictly construe the removal statute in favor of remand and against removal. 28 U.S.C. § 1447; *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007). "When assessing whether diversity jurisdiction exists, a court must disregard non-diverse citizenship of an improperly joined defendant." *Doucet v. State Farm Fire and Cas. Co.,* 2009 WL 3157478, at *4 (E.D. Tex. Sept. 25, 2009) (citing *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 572–73 (5th Cir. 2004) (en banc)).

A defendant may establish improper joinder either by showing (1) actual fraud in the plaintiff's pleading of jurisdictional facts or (2) the plaintiff's inability to establish a cause of action against the non-diverse defendant(s) in state court. *Smallwood*, 385 F.3d at 571 n.1, 573. Regarding the second method of establishing improper joinder, a court must ask "whether the defendant has

2

demonstrated there is *no possibility* of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* at 573 (emphasis added); *see also Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 200–08 (5th Cir. 2016).

Home Depot argues that Plaintiff's allegation that Brunnert personally participated in the negligent act causing her injury is not enough to support a claim against him. *See* (Dkt. #29 at 2). Home Depot misconstrues Texas law, which has long recognized that "[a] corporation's employee is personally liable for tortious acts which he directs or participates in during his employment." *Leyendecker & Assocs., Inc. v. Wechter*, 683 S.W.2d 369, 375 (Tex. 1984); *see also Miller v. Keyser*, 90 S.W.3d 712, 717 (Tex. 2002) ("a corporate agent is personally liable for his own fraudulent or tortious acts"). Texas courts have found that an independent duty of reasonable care exists when an "employee personally creates a dangerous situation that causes injury." *In re Butt*, 495 S.W.3d 455, 466 (Tex. App.—Corpus Christi 2016, no pet.) (citing *San Benito Bank & Trust Co. v. Landair Travels*, 31 S.W.3d 312, 219 (Tex. App.—Corpus Christi 2000, no pet.)); *see also McIntosh v. Copeland*, 894 S.W.2d 60, 63 (Tex. App.—Austin 1995, writ denied) (endorsing the viability of claims against a hospital employee for "negligent acts committed in the scope of his employment").

Thus, Texas law does not support the blanket rule proposed by Home Depot that an employee cannot be sued for any direct act of negligence causing injury when the employee is acting within the scope of his employment. *See, e.g.*, *Alexander v. Lincare, Inc.*, Civ. A. No. 3:07-CV-1137-D, 2007 WL 4178592, at *3 (N.D. Tex. Nov. 27, 2007) (collecting Texas cases allowing claims of negligence against employees for acts undertaken within the scope of employment that have caused injury); *Garrison v. The Sherwin-Williams Co.*, No. 4:10cv128, 2010 WL 2573973,

3

at *5 (E.D. Tex. June 1, 2010), *recommendation adopted by* 2010 WL 2573963 (stating that, "If the corporate employee is only indirectly involved in the alleged negligence, then the Court will not impose an individual duty on the employee, however if the involvement is directly related to the alleged negligence, a question of fact exists as to whether the corporate employee owes an individual duty to a plaintiff."); *Guzman v. Cordero*, 481 F. Supp. 2d 787, 790 (W.D. Tex. 2007) (finding a possible breach of an independent duty of care by an employee when he was personally involved in providing allegedly negligent inspection services to the plaintiff).

Because Plaintiff alleged in her Petition that Brunnert personally "dropped a box of heavy merchandise on Plaintiff causing Plaintiff to fall and suffer severe injuries," and federal courts are required to resolve all ambiguities in controlling state law in favor of the plaintiff, the Magistrate Judge properly found that Plaintiff has a possibility of recovery against Brunnert under Texas law. *See* (Dkt. #2 at 2–3). Therefore, Home Depot's objections are overruled.

### III. CONCLUSION

Upon review, the Objections (Dkt. #29) are **OVERRULED**.

Plaintiff's Motion to Remand (Dkt. #8) is hereby **GRANTED**. It is **CONSIDERED**, **ORDERED**, **AND ADJUDGED** that this case is hereby **REMANDED** to the 429th Judicial District Court of Collin County, Texas, as Cause No. 429-01839-2019, and this matter is closed on the Court's docket.

**So ORDERED and SIGNED this 18th day of December, 2019.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE